**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FRANCO BACCIARINI NUNEZ,

Petitioner,

v. Case No. 3:26-cv-2128-WWB-PDB

SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). He also filed an Emergency Motion for Temporary Restraining Order ("**Motion for TRO**," Doc. 2). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at Baker Correctional Institute ("**Baker CI**"). (Doc. 1). In the Petition, Petitioner challenges the conditions of his confinement, alleging that officials at Baker CI are not providing sufficient air conditioning (Ground One); officials have denied him adequate medical care (Ground Two); and that these unlawful conditions are "incorporated" into his "Motion for Custody Redetermination" that is pending with the Orlando Immigration Court (Ground Three). In the Petition and the Motion for TRO, Petitioner requests, *inter alia*, adequate climate control, a medical evaluation, and an order enjoining Respondents from transferring him. (Doc. 1 at 8; Doc. 2 at 6–7).

Federal courts may grant the writ where any petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). And the sole federal remedy and purpose of the writ of habeas corpus is

for prisoners or detainees to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, Petitioner has not alleged sufficient facts to establish a claim under § 2241.

Instead, insofar as Petitioner complains about the conditions of his confinement, such claims may be properly raised in a civil rights complaint—not a habeas petition. *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015)[1] ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)). As such, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED as moot**.

---

[1] This Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: counsel of record